IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jeffery Daryl Goldman, | ) | Case No.: 6:17-1802 |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Robbie Hines, Jennifer Nave, and | ) | |
| Derrick O'Shields, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 46) recommending that this Court dismiss this case for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts the R. & R. as the order of the Court.

**I.   Background and Relevant Facts**

Plaintiff, a former state prisoner who is proceeding *pro se*, filed this action seeking relief under Title 42, United States Code, Section 1983. As explained in the R. & R., the Magistrate Judge has given Plaintiff more than one opportunity to respond to Defendants' Motion to Dismiss which has been pending since January 12, 2018, but Plaintiff has not filed a response. The Magistrate Judge has therefore recommended that this Court dismiss the complaint for failure to prosecute.

**II.   Legal Standard**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the

Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III.    Discussion

No party has filed objections to the R. & R., and the deadline to file objections has passed. In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

### IV.    Conclusion

For the reasons set forth above, the Court adopts the R. & R. (Dkt. No. 46) as the order of the Court. This case is dismissed for failure to prosecute pursuant to Rule 41(b).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May __*11*__, 2018
Charleston, South Carolina